UNPUBLISHED

# UNITED STATES COURT OF APPEALS
## FOR THE FOURTH CIRCUIT

UNITED STATES OF AMERICA,
            *Plaintiff-Appellee,*

v.                                                         No. 02-4936

ELTON WILLIAMS,
            *Defendant-Appellant.*

Appeal from the United States District Court
for the District of South Carolina, at Columbia.
Dennis W. Shedd, District Judge.
(CR-02-505-DWS)

Submitted: October 29, 2003

Decided: November 19, 2003

Before WIDENER, MOTZ, and GREGORY, Circuit Judges.

---

Affirmed by unpublished per curiam opinion.

---

**COUNSEL**

Langdon D. Long, Assistant Federal Public Defender, Columbia, South Carolina, for Appellant. Susan Zalkin Hitt, OFFICE OF THE UNITED STATES ATTORNEY, Columbia, South Carolina, for Appellee.

---

Unpublished opinions are not binding precedent in this circuit. See Local Rule 36(c).

**OPINION**

PER CURIAM:

Elton Williams pled guilty to being a felon in possession of a fire-arm in violation of 18 U.S.C. §§ 922(g)(1), 924(e)(1) (2000). The district court sentenced him to 180 months imprisonment, the statutory mandatory minimum sentence. Williams's counsel has filed a brief in accordance with *Anders v. California*, 386 U.S. 738 (1967), stating that, in his view, there are no meritorious grounds for appeal. However, he raises the issues of whether the magistrate judge complied with Rule 11 of the Federal Rules of Criminal Procedure in accepting Williams's guilty plea, and whether the district court erred in sentencing Williams to 180 months in prison. Williams has filed a pro se brief and a supplemental brief addressing his sentence. Finding no reversible error, we affirm.

After reviewing the transcript of the plea proceeding, we conclude that the magistrate judge fully complied with the requirements of Rule 11 in accepting Williams's guilty plea. Further, Williams consented to that proceeding before the magistrate judge, did not seek review of the hearing by the district court, and did not object to those proceedings. *See United States v. Osborne*, 345 F.3d 281, 290 (4th Cir. 2003).

Turning to the sentencing issue, we find that Williams was properly sentenced under *U.S. Sentencing Guidelines Manual* § 4B1.4 (2002). *See* 18 U.S.C. § 924(e)(2)(B) (2000). Williams's prior convictions for housebreaking were properly counted as two separate offenses. *See United States v. Hobbs*, 136 F.3d 384, 388 (4th Cir. 1998). Williams's conviction for criminal sexual conduct, second degree, with a thirteen year old, is a violent felony under the terms of § 924(e)(2)(B) and *United States v. Pierce*, 278 F.3d 282, 290 (4th Cir. 2002), and his later marriage to the victim does not render the conviction invalid. The use of prior felony convictions committed before the effective date of 18 U.S.C. § 924(e) (2000), does not violate the Ex Post Facto Clause. *See United States v. Presley*, 52 F.3d 64, 68 (4th Cir. 1995).

In accordance with *Anders*, we have reviewed the entire record in this case and have found no meritorious issues for appeal. We there-

fore affirm Williams's conviction and sentence. This court requires that counsel inform his client, in writing, of his right to petition the Supreme Court of the United States for further review. If the client requests that a petition be filed, but counsel believes that such a petition would be frivolous, then counsel may move in this court for leave to withdraw from representation. Counsel's motion must state that a copy thereof was served on the client.

We dispense with oral argument because the facts and legal contentions are adequately presented in the materials before the court and argument would not aid the decisional process.

*AFFIRMED*